FILED
 2009 Oct-01  AM 08:53
U.S. DISTRICT COURT
    N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| T.W. and A.V., ] | |
| ] | |
|     Plaintiffs, ] | |
| ] | |
| v. ] | CV-09-BE-1639-S |
| ] | |
| UNITED STATES OF AMERICA ] | |
| and ] | |
| IIF DATA SOLUTIONS, INC., ] | |
| ] | |
|     Defendants. | |

## MEMORANDUM OPINION

This case comes before the court on Defendant United States of America's "Motion to Dismiss" (doc. 5). The parties have fully briefed the motion.  Defendant United States of America asserts that Plaintiffs' claims should be dismissed against it because the Federal Employees' Compensation Act bars Plaintiffs' claims.  The court has considered the parties' filings and the applicable law.

For the reasons stated below, the court DENIES the Motion to Dismiss (doc. 5). However, the court STAYS this proceeding and will ORDER Plaintiffs to file a FECA claim with the Secretary of Labor.  The court will enter an order to that effect simultaneously.

### Facts

Plaintiffs' complaint (doc. 1) alleges, *inter alia*, negligent supervision, hiring, and training under the Federal Tort Claims Act.  Plaintiff T.W. claims that while attending a National Guard Youth Challenge Program, Jared Wallace, a senior cadet-in-charge, repeatedly intimidated and sexually assaulted him.  Plaintiff alleges that he reported Wallace's behavior but no one

disciplined Wallace. Even after T.W. reported the incidents, Wallace continued to abuse him. After learning of the assaults, T.W.'s mother, Plaintiff A.V., immediately removed T.W. from the program and notified the police department of the assaults.

Plaintiffs claim that because of Defendant United States' negligence, Plaintiff T.W. has suffered sexual molestation, assault and battery, and harassment caused by Wallace. Furthermore, Plaintiffs claim that the United States' negligence is the proximate cause of T.W.'s mental pain, anguish and injury, including anxiety, worry and loss of enjoyment of life.

Defendant United States of America filed its Motion to Dismiss (doc. 5) asserting that the court lacks subject matter jurisdiction because The Federal Compensation Act is Plaintiffs' exclusive remedy. The court ordered Plaintiff to Show Cause why the court should not grant Defendant's motion (doc. 7) and Plaintiffs responded to the order (doc. 10). Subsequently, the United States, without the permission of the court, filed a Reply Brief (doc. 11). Finally, both parties filed Motions for Leave to File Sur-Reply briefs (docs. 12, 13) regarding the Motion to Dismiss (doc. 5).

**Standard**

Subject matter jurisdiction must be affirmatively shown in the record before considering the merits of any case. *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). The party asserting federal subject matter jurisdiction bears the burden of proving its existence. *Id.* In an ordinary civil action, the Federal Rules of Civil Procedure require a party to file "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). If the complaint fails to conform to Federal Rule of Civil Procedure 8(a)(1), the defendant can move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1).

*Anderson v. United States*, 245 F. Supp. 2d 1217, 1221 (M.D. Fla. 2002).

Under Federal Rule of Civil Procedure 12(b)(1), a party may bring either a facial or a factual challenge to a court's subject matter jurisdiction. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir.1990). In a facial challenge, a court assumes all of a plaintiff's allegations are true and determines whether a plaintiff has alleged a sufficient basis for subject matter jurisdiction. *Id.* at 1529. In a factual challenge, a court must determine if it has power to hear the case; thus, a court is not required to assume a plaintiff's allegations are true and is free to weigh the evidence and evaluate the merits of the jurisdictional claims. *Id.* Here, the court must resolve a factual challenge to the court's subject matter jurisdiction.

## Discussion

Defendant United States asserts that Plaintiffs' claims against it are due to be dismissed for lack of subject matter jurisdiction. The United States' motion to dismiss is premised on the Federal Employees' Compensation Act ("FECA"). 5 U.S.C. §§ 8101-8193. FECA provides the exclusive avenue of redress for a federal employee's "injury sustained while in the performance of his duty." 5 U.S.C. § 8102. The liability imposed by FECA supplants all other liability, including tort liability under the FTCA or other statutes, on the part of the United States to an injured federal employee. *See Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 193-94 (1983). FECA precludes alternative relief regardless of whether the claim is asserted by "the employee, his legal representative, spouse, dependents, next of kin, or any other person otherwise entitled to recover damages from the United States." 5 U.S.C. § 8116(c). By its terms, the Act precludes the district court from granting relief to a United States' employee whose claims are covered by FECA. Congress has entrusted resolution of the coverage question to the Secretary

of Labor. 5 U.S.C. § 8128(b). The Secretary is authorized to administer and decide all questions arising under FECA. *See* 5 U.S.C. §§ 8145, 8149. Under the authority granted in § 8145(2), the Secretary has delegated responsibility for administering FECA to the Director of the Office of Workers' Compensation Programs (OWCP). *See Woodruff v. United States Dep't of Labor, Office of Workers Compensation Program*, 954 F.2d 634, 637 (11th Cir. 1992).

Once the OWCP determines that a disability or death resulted from a work-related injury as defined by FECA, the claimant is limited to the remedies authorized by FECA, even if a particular type of damage or consequence the claimant suffered is not compensable under FECA. *See United States v. Lorenzetti*, 467 U.S. 167, 169 (1984) ("Because the United States' liability for work-related injuries under FECA is exclusive, see § 8116(c), respondent cannot recover from the United States for losses such as pain and suffering that are not compensated under FECA."); *see also Avasthi v. United States*, 608 F.2d 1059, 1060-61 (5th Cir. 1979) (where a federal employee's injuries occurred in the course of performing his duties, holding that he was not entitled to elect coverage under the FTCA rather than FECA even though proceeding under the FTCA offered the possibility of a more comprehensive remedy).

The United States asserts that, pursuant to the statute authorizing the Alabama Youth National Guard Youth Challenge Program, Plaintiff T.W. was an employee of the United States when he was injured. The statute states that a participant in the program shall be considered an employee of the United States for purposes of FECA. *See* 32 U.S.C. § 509(i). Plaintiff T.W. alleges that he was sexually assaulted while participating in the NGYCP. Because Plaintiff T.W. was an NGYCP participant, the court finds that Plaintiff T.W. was a United States employee at the time of his injury.

In response to the United States' Motion to Dismiss, Plaintiffs do not argue that Plaintiff T.W. was not a United States employee.  In fact, Plaintiffs do not contend that FECA would not apply to the sexual assaults; but, Plaintiffs do contend that FECA is not applicable because Plaintiff T.W. did not suffer *physical* injuries.  Instead, Plaintiffs seek relief for emotional injuries that resulted from the United States' negligence.

"Where a federal employee brings an action against the United States and there is a substantial question as to whether FECA provides the employee's exclusive remedy for the alleged injury, the district court must . . . hold the action in abeyance pending a coverage determination by the Secretary." *Noble v. United States*, 216 F.3d 1229, 1235 (11th Cir. 2000) (citation omitted).  A substantial question of coverage exists unless the court determines "as a matter of law, viewing all of the circumstances, the Secretary could not find FECA coverage of" the alleged injury. *Concordia v. United Postal Serv.*, 581 F.2d 439, 442 (5th Cir. 1978).

Although several courts have found that emotional injuries, such as those Plaintiffs allege, are compensable under FECA, *see, e.g., Eure v. United States Postal Svc.*, 711 F. Supp. 1365, 1372-74 (S.D. Miss. 1989); *Burke v. United States*, 644 F. Supp. 566, 568-69 (E.D. La.1986), other courts have found that such injuries are not. See *DeFord v. Secretary of Labor*, 700 F.2d 281, 290 (6th Cir. 1983); *Sullivan v. United States*, 428 F. Supp. 79, 81 (D.C. Wis. 1977).

The court finds no binding precedent holding either way on this issue.  The parties have not provided arguments supported by binding authorities on this point.

Therefore, a substantial question arises as to whether FECA extends to the non-physical injuries resulting from the alleged negligence of the United States and the subsequent sexual

5

assault of the Plaintiff. Given the general compensability of negligence claims under FECA and the lack of binding authority as to the compensability of non-physical injuries, the court will stay the proceedings to allow Plaintiffs to file a FECA claim with the Secretary of Labor. If the Secretary of Labor determines Plaintiffs claims are not covered, then the claims will again be before the district court. If Plaintiffs do not provide this court with proof of filing a FECA claim within 30 days, the court will dismiss the Plaintiffs' case against the United States.

The court, therefore, DENIES the Defendant's motion to dismiss because the facts of this case present a significant question as to whether FECA applies to Plaintiff T.W.'s non-physical injuries. However, the court hereby STAYS all proceedings in this case for 120 days. The parties are DIRECTED to keep the court apprised through joint status reports every 90 days, beginning December 29, 2009.

DATED this 30th day of September, 2009.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE